UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA, )<br>)<br>v. )<br>)<br>JOSHUA ANDREWS, )<br>)<br>  Defendant. )<br>) | Criminal No.<br>17-10272-FDS |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR<br>COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582**

**SAYLOR, C.J.**

This is a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). On November 20, 2019, defendant Joshua Andrews pleaded guilty to one count of conspiracy to affect commerce by robbery in violation of 18 U.S.C. § 1951. The other two counts against him were dismissed upon the government's motion.

On March 5, 2020, defendant was sentenced by Judge Rya W. Zobel to a below-guidelines sentence of a term of imprisonment of 144 months, to be served concurrently with his state sentence, followed by three years of supervised release. He is currently incarcerated at United States Penitentiary in Atlanta, Georgia, with a projected release date of October 20, 2027.

Defendant has filed a motion requesting that he be released from the custody of the Bureau of Prisons ("BOP") and permitted to serve the remainder of his sentence under home confinement. In substance, he seeks release on the ground that the COVID-19 pandemic represents an undue threat to his safety and health. For the following reasons, that motion will be denied.

A federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A court may reduce a term of imprisonment for, among other things, "extraordinary and compelling reasons," but only upon a motion by the Director of the BOP or by a defendant who has exhausted his administrative remedies. *Id.* § 3582(c)(1)(A). To exhaust those remedies, a defendant must request that the warden of his BOP institution file a motion on his behalf to reduce his sentence, and then either (1) have that request be denied and exhaust the appeals processes of the BOP; or (2) wait until 30 days have passed since that request was received. *See id.*

Here, it appears that defendant has exhausted his administrative remedies. He previously filed a request with the warden of USP Canaan, where he was then incarcerated, to move for a sentence reduction on his behalf. (Def. App. 17). On January 28, 2021, the warden denied that request on the ground that defendant did not have exceptional concerns concerning the COVID-19 pandemic warranting early release. (*Id.*). It appears that defendant then appealed that decision, but the document he submitted to the court is neither signed nor dated. (Def. App. 18). Although the record is unclear, the Court will presume it has jurisdiction to consider his current request. *See* 18 U.S.C. § 3582(c)(1)(A).

A court may reduce a term of imprisonment if, after considering the sentencing factors set forth in § 3553, it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling reasons" include medical condition, age, family circumstances, or other reasons as determined by the BOP. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (2018); Fed. Bureau of Prisons, Program Statement 5050.50 (2019).

Defendant contends that the primary "extraordinary and compelling" reason to reduce his sentence to time served is that the ongoing COVID-19 pandemic poses a threat to his health and safety, specifically due to his alleged sarcoidosis, asthma, low lung capacity, and obesity. (Def. Mot. at 13). He also asserts that his incarceration poses a hardship to himself and his family. (*Id.* at 16).

A review of the medical records maintained by the BOP does not reveal diagnoses for any of the conditions defendant asserts. Although defendant has claimed a history of sarcoidosis (*see, e.g.*, Gov. Opp'n Ex. 1 ("M.R.") at 12), there is no sign that he has been treated for that condition while in BOP custody. Similarly, although his records indicate a history of asthma and use of an inhaler, he has not used an inhaler since 2007 and as of December 30, 2022, his respiratory system was found to be normal. (M.R. 17, 36). Finally, his records do not show any treatment for obesity and a recent physical examination does not indicate a finding of obesity. (M.R. 35). Therefore, it does not appear that defendant suffers from, or is being treated for, any of the medical conditions that he asserts would make him especially vulnerable to COVID-19.

Moreover, defendant has not tested positive for COVID-19 while in BOP's custody (M.R. 39, 61), and has consistently declined to be vaccinated against it (M.R. 59-63). Nor does it appear that there are a significant number of documented cases of COVID-19 at the BOP institution where he is located, where there are currently two open cases in a population of 1,865 inmates. *See Inmate COVID-19 Data*, FED. BUREAU OF PRISONS, https://www.bop.gov/about/ statistics/statistics_inmate_covid19.jsp (accessed Nov. 15, 2023). Given the lack of evidence concerning defendant's medical conditions and the minimal risk of contracting COVID-19 at his current BOP facility, there are no "extraordinary and compelling reasons" to reduce his sentence based on medical necessity.

Furthermore, although defendant asserts that his continued incarceration poses a significant hardship on himself and his family, he has not pleaded any specific facts that would warrant a finding of "extraordinary or compelling reasons" justifying an early end to his sentence. *See* U.S.S.G. § 1B1.13(b)(3) (setting out family circumstances that might warrant an earlier release from custody).

Finally, the sentencing factors set forth in § 3553 militate against release. Defendant pleaded guilty to conspiracy to commit robbery; a crime that involved the firing of a handgun close to two civilian victims and a significant confrontation with a police officer. His criminal history also includes multiple convictions for drug offenses, firearm-related crimes, and an assault on a police officer. Although he reports that his period of incarceration "has provided [him] with plenty of time to grow and understand," nothing in the intervening years has diminished the seriousness of his offense or the nature of his criminal history, and nothing in the record suggests that releasing him early from his prison term is appropriate. (Def. Mot. at 16). Such an outcome would not reflect the seriousness of his offense or provide adequate deterrence to criminal conduct. *See* 18 U.S.C. § 3533.

For the foregoing reasons, defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

**So Ordered.**

Dated:  November 15, 2023

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court